UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
STEVEN G. HNATOWICZ and ANNE HNATOWICZ,  Civil Action No.: 08cv4348 (BSJ)

                                  Plaintiffs,        **COMPLAINT**

-against-                                    **PLAINTIFFS'**
                                                            **DEMAND TRIAL**
                                                            **BY JURY**

THE CITY OF NEW YORK,

                                Defendant.
-------------------------------------------------------------------x

      Plaintiffs, STEVEN G. HNATOWICZ and ANNE HNATOWICZ, by their attorneys, BORCHERT, GENOVESI, LaSPINA & LANDICINO, P.C., as and for their complaint, allege, upon information and belief, the following:

      1.      That at all times hereinafter mentioned, plaintiff STEVEN G. HNATOWICZ was and is a citizen of Monroe County, State of Pennsylvania.

      2.      That at all times hereinafter mentioned, plaintiff ANNE HNATOWICZ was and is a citizen of Monroe County, State of Pennsylvania.

      3.      That, upon information and belief, at all times hereinafter mentioned, the defendant, THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the State of New York.

      4.      That at all the times herein mentioned, defendant CITY OF NEW YORK (hereinafter "CITY") was a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

      5.      That this Court has jurisdiction due to diversity of citizenship and an amount in controversy in excess of $75,000.00 for the plaintiff, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332.

6. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the municipal defendant resides in this district.

7. That duplicate originals of a Notice of Claim with respect to the circumstances involved in this action were served upon the agent designated by the municipal defendant for the receipt of same as a pre-requisite to the commencement of this action, within (90) days of the accrual of the within cause or causes of action, and more specifically on February 1, 2008.

8. That on March 1, 2008, the CITY duly waived its rights to a statutory 50(h) hearing of plaintiffs.

9. That more than thirty (30) days have elapsed since the said claim was presented for adjustment to defendant CITY, and that those having the power to adjust such claim have neglected or refused to make adjustment or payment thereof.

10. That this action has been commenced within one year and ninety days after the cause or causes of action herein have accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, STEVEN G. HNATOWICZ

11. On or about November 10, 2007, defendant, CITY, was the owner of certain real property located at the W14th Street 7th Avenue station, Track V-3, along the ``1'' train line, in the County of New York, in the City and State of New York.

12. On or about November 10, 2007, defendant, CITY, owned the underground subway tracks and platforms at the W14th Street 7th Avenue station, Track V-3, along the ``1'' train line, in the County of New York, in the City and State of New York.

13. On or about November 10, 2007, defendant CITY leased the real property

2

upon which the aforesaid subway tracks and platform were located to the defendant Transit Authority pursuant to a written lease between the CITY and Transit Authority dated June 1, 1953 and subsequent amendments and renewals in 1960, 1962, 1965 and 1982.

14. On or about November 10, 2007, defendant CITY leased the aforesaid subway tracks and platform to the Transit Authority pursuant to a written lease between the CITY and Transit Authority dated June 1, 1953 and subsequent amendments and renewals in 1960, 1962, 1965 and 1982.

15. Defendant, CITY, is the lessor of the subway system located at the W14th Street 7th Avenue station, Track V-3, along the ``1'' train line, in the County of New York, in the City and State of New York.

16. The Transit Authority, is the lessee of the subway system located at the W14th Street 7th Avenue station, Track V-3, along the ``1'' train line, in the County of New York, in the City and State of New York.

17. Defendant, CITY, leased the aforesaid property as well as entire subway system to the Transit Authority.

18. On or before November 10, 2007, defendant CITY granted an easement to the Transit Authority to erect and maintain a subway system and line at the aforementioned location.

19. On or about November 10, 2007, plaintiff STEVEN G. HNATOWICZ was employed by the Transit Authority as a Supervision MS1 Worker and was engaged in doing certain work for his said employer, including construction, rehabilitation, maintenance, renovation and/or repair work at the aforedescribed location.

20. During the performance of this work at the aforesaid premises and while

engaged in rehabilitating, maintaining, renovating, repairing, and/or altering the premises, plaintiff STEVEN G. HNATOWICZ was seriously injured.

21.    Defendant, CITY, its agents, lessees, servants, employees and/or contractors were negligent, careless, and reckless in the ownership, maintenance, use, management, supervision and control of the aforesaid premises, in that they failed to have and keep same in a safe, controlled and proper manner; in that they caused, allowed and permitted the same to be, become and remain in an unsafe, hazardous, dangerous, defective and traplike condition; in that they failed to properly maintain, repair, supervise and inspect the aforesaid premises; in that they failed to make, timely, adequate and proper inspections of the condition of the aforesaid premises; in that they failed to make timely, adequate and proper repairs of the aforesaid premises; in that they failed to employ adequate and competent personnel and/or contractors to inspect, maintain and/or repair the aforesaid premises; in that they allowed and permitted the aforesaid premises to remain in the use with knowledge and notice of the hazardous, defective and traplike conditions of same.

22.    Defendant, CITY, its agents, lessees, servants, employees and/or contractors knew or in the exercise of reasonable care could have and should have known of the hazardous, defective and traplike condition of the aforesaid premises.

23.    Defendant, CITY, its agents, lessees, servants, employees and/or contractors had actual and constructive notice of all of the aforesaid conditions.

24.    That at all time hereinafter mentioned, the defendant, their agents, lessees, servants, employees, contractors and/or sub contractors, jointly and/or severally were negligent, careless and reckless in the ownership, operation, construction, alteration, maintenance, use, management and control of the aforesaid premises including the

subway station heretofore described herein; and more particularly the catwalk work platform over the train tracks; in that they caused, allowed and permitted the same to be, become and remain in an exposed, hazardous, defective and traplike condition, and to be so maintained as to prevent safe passage under and along the same by persons lawfully traversing the same; in that there was a duty imposed upon the defendants to properly maintain, repair and inspect the same; in that they failed to make timely, adequate and proper inspections of the condition of the aforesaid premises, its building and construction areas located therein; in that they failed to make timely, adequate and proper repairs of the aforesaid premises; in that they filed to adequately light the subway tunnel and work area; in that they failed to employ adequate and competent personnel to construct, alter, inspect, supervise, maintain and/or repair the aforesaid premises; in that they failed to warn the plaintiff of the exposed, hazardous, defective and traplike condition of the subway tracks and the catwalk work platform; in that they allowed and permitted the same to remain in use with knowledge and notice of the exposed, hazardous, defective and traplike condition of the same.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, STEVEN G. HNATOWICZ

25. Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs "1" through "24" inclusive, with the same force and effect as if hereinafter set forth at length.

26. The aforesaid occurrence was caused by and due to defendants violation of Section 200 of the Labor Law of the State of New York, in that the defendants and agents or employees failed and neglected to so construct, equip, arrange, operate and conduct

the working area as to provide reasonable and adequate protection to the lives, health and safety of all persons employee therein or lawfully frequenting such places including the injured plaintiff herein, and in failing and neglecting to furnish machinery, equipment and devices thereat so placed, operated, guarded and lighted as to provide reasonable and adequate protection to such persons, including the injured plaintiff, or to comply with the rules made and provided for the implementation of Labor Law Sec. 200 and in failing to comply with the requirements of this statutory section.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, STEVEN G. HNATOWICZ

27. Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs "1" through "26" inclusive, with the same force and effect as if hereinafter set forth at length.

28. That the aforesaid occurrence was attributable to a violation of Section 240(1) of the Labor Law of the State of New York in that defendant, CITY, its agents, lessees, servants, and/or employees failed and neglected to furnish or cause to be furnished or erected for the construction or demolition, repairing or altering of the said building and for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices, so placed and operated to give protection to a person so employed.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, STEVEN G. HNATOWICZ

29. Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove in paragraphs "1" through "28" inclusive, with the same force and effect as if hereinafter set forth at length.

30. The aforesaid occurrence was caused by and due to defendant's violation of Sections 241(6), et seq. of the Labor Law of the State of New York, in that the defendant, its agents, servants, and/or employees failed and neglected to comply with its requirements and to the requirements of the Industrial Code of the State of New York, as to areas in which work is being performed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the person employed therein or lawfully frequenting such places, including the injured plaintiff herein.

31. That as a result of the aforesaid occurrence, plaintiff was permanently and seriously injured and was rendered sick, sore, lame and disabled; plaintiff, STEVEN G. HNATOWICZ, was caused to suffer great pain, discomfort, and disability and upon information and belief, will continue to suffer pain, discomfort, and disability in the future; plaintiff, STEVEN G. HNATOWICZ, was caused to undergo hospital and medical care, aid and attention, and upon information and belief, may continue to require to undergo medical care, aid and attention for a long time to come in the future; plaintiff, STEVEN G. HNATOWICZ, was obliged to expend and incur large sums of monies for medical care, aid and attention and, upon information and belief, will continue to be obliged to expend and incur large sums of monies for future medical care, aid and attention; plaintiff, STEVEN G. HNATOWICZ, was caused to become incapacitated from his usual vocation and avocation, and upon information and belief, may continue to be caused to remain away from his usual vocation and avocation for a long period of time to come in the future.

32. That the said occurrence and resulting injuries occurred without any fault or wrongdoing on the part of the plaintiff contributing thereto.

33. This action falls within one or more of the exceptions set forth in CPLR §1602

and plaintiff may rely on the doctrine of res ipsa loquitur.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF, ANNE HNATOWICZ

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained hereinabove in paragraphs "1" through "33" inclusive, with the same force and effect as in hereinafter set forth at length.

35. That the said plaintiff, ANNE HNATOWICZ, is the lawful wife of the plaintiff, STEVEN G. HNATOWICZ, and as such wife then and ever since, he has lived and cohabited with the plaintiff, STEVEN G. HNATOWICZ, the said husband.

36. That plaintiff, ANNE HNATOWICZ, has been fully supporting and providing for her said spouse; that prior to the time hereinafter mentioned, he was in good health and fully capable of performing and actually did perform all of his usual duties as a spouse for the plaintiff.

37. That in consequence of the said negligence of the defendant, ANNE HNATOWICZ'S spouse was severely and permanently injured and confined to his home for some time, and plaintiff, ANNE HNATOWICZ, was obligated and did necessarily pay and become liable therefore; and plaintiff, ANNE HNATOWICZ, will necessarily hereinafter incur further expenses of similar character; that in consequence of said injuries, plaintiff, ANNE HNATOWICZ'S spouse has been unable to perform the duties aforesaid, which he performed for the plaintiff, ANNE HNATOWICZ; that in consequence of the said injuries plaintiff, ANNE HNATOWICZ, has been deprived of her spouse, and her comfort, happiness and her society and companionship have been impaired and there has been an interruption of the normal amount of relationships, and plaintiff, ANNE HNATOWICZ, is

informed that this deprivation and impairment will continue for a long time to come.

**WHEREFORE**, plaintiffs pray for judgment, seeking pursuant to CPLR 3017, with damages in an amount to be determined at trial, together with interest and the costs and disbursements of this action.

Dated:    Whitestone, New York
          May 6, 2008

                                        BORCHERT, GENOVESI, LaSPINA
                                        & LANDICINO, P.C.
                                        Attorneys for Plaintiff
                                        STEVEN G. HNATOWICZ and ANNE HNATOWICZ

By: _____
      GREGORY M. LaSPINA (GML-2740)

By: _____
      STEPHEN J. SMITH (SS-5255)
      19-02 Whitestone Expwy
      Suite 302
      Whitestone, NY 10016
      (718) 767-3333

THE CITY OF NEW YORK
Corporation Counsel
4th Floor
New York, NY 10007

Index No. _____  Year 20____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

STEVEN G. HNATOWICZ and ANNE HNATOWICZ,

                              **Plaintiffs,**

- against -

THE CITY OF NEW YORK,

                              **Defendant.**

## SUMMONS AND COMPLAINT

**BORCHERT, GENOVESI, LaSPINA & LANDICINO, P.C.**

*Attorneys for* **Plaintiff**

SUITE 302
19-02 WHITESTONE EXPRESSWAY
WHITESTONE, NEW YORK 11357
(718) 767-3333

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* _____  *Signature* _____

                                          *Print Signer's Name* _____

*Service of a copy of the within* _____ *is hereby admitted.*

*Dated:* _____

                                          *Attorney(s) for* _____

*PLEASE TAKE NOTICE*

☐ **NOTICE OF ENTRY**
that the within is a (certified) true copy of a _____ entered in the office of the clerk of the within named Court on _____ 20____

☐ **NOTICE OF SETTLEMENT**
that an Order of which the within is a true copy will be presented for settlement to the Hon. _____ one of the judges of the within named Court, at _____ on _____ 20____, at _____ M.

*Dated:*

**BORCHERT, GENOVESI, LaSPINA & LANDICINO, P.C.**
*Attorneys for*

SUITE 302
19-02 WHITESTONE EXPRESSWAY
WHITESTONE, NEW YORK 11357

To: